IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ashley Bard, Individually and as the Administrator for the Estate of Zachary Ryan Goldson, | : : : | Case No. 1:15-cv-643 |
| Plaintiff, | : : | Judge Susan J. Dlott |
| v. | : : | Order on Sequestration of Dennis Varnau |
| Brown County, Ohio, *et al.*, | : : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Objections to the Magistrate Judge's Order (Doc. 32) concerning the requested sequestration of Dennis Varnau.  For the reasons that follow, the Court will **OVERRULE** the Objections and **AFFIRM** the Order.

I. BACKGROUND

This civil rights lawsuit against Brown County, Ohio and county officials was filed on behalf of the estate of Zachary Ryan Goldson, who died in October 2013 while in pretrial detention in the Brown County jail.  Dr. Judith Varnau, Brown County's acting coroner at the time of Goldson's death, determined in November 2013 that the cause of his death was homicide by strangulation.  In June 2015, Plaintiff's attorneys asked Dennis Varnau, a police officer with the Ohio Police Training Academy and the husband of Dr. Judith Varnau, to serve as a pretrial investigator or consultant for this case.  However, Defendants assert that Dennis Varnau is a likely fact witness because he assisted his wife on a volunteer basis with coroner's office paperwork and communication, including maintaining the case file regarding Goldson's death.

On March 9, 2017, Defendants issued a subpoena for documents to Dennis Varnau. (Doc. 15-1 at PageID 96–98.)  Dennis Varnau moved to quash the subpoena.  (Doc. 15.)  On

May 26, 2017, Magistrate Judge Karen L. Litkovitz issued the Order on the Motion to Quash Subpoena. As part of the adjudication of the subpoena issue, Defendants requested that the Court sequester Dennis Varnau. Magistrate Judge Litkovitz granted the sequestration request only in part in her Order:

> The Court will grant defendants' request to sequester Varnau to the extent defendants seek to preclude him from attending the other depositions in this case. The Court has the authority to exclude witnesses from depositions pursuant to Rule 26(c), which provides in part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (E) designating the persons who may be present while the discovery is conducted[.]" *Stone v. City of Grand Junction, Tenn.*, No. 1:10-CV-01088, 2010 WL 4569073, at *1 (W.D. Tenn. Nov. 4, 2010) (citing Fed. R. Civ. P. 26(c)(1)(E)); *In re Air Crash at Lexington, Ky.*, *August 27, 2006*, No. 5:06-CV-316, 2008 WL 170510, at *2 (E.D. Ky. Jan. 17, 2008) (same). There is good cause for restricting Varnau from attending the depositions of other parties and witnesses in this matter. There is no question that Varnau has a vested interest in the testimony provided in this case and in the outcome of this lawsuit due to his involvement in other lawsuits filed in connection with Goldson's death. While Varnau's interest may not be enough standing alone to constitute "good cause" for sequestering him from the depositions, the standard is met when this fact is considered together with the other unusual circumstances of this case. It is apparent from the filings that the parties, counsel, and Varnau have an extensive and contentious history of interactions, many of which center around Goldson's death and the finding by Brown County coroner Dr. Varnau, Varnau's wife, that the cause of death was homicide by strangulation. Although Varnau represents he has been retained by plaintiff's counsel as an investigator to gather information and provide analysis and opinions, Varnau will almost certainly be called as a fact witness in this case based on his access to relevant information while serving as a volunteer assistant to the Brown County coroner. Varnau's interest in the outcome of this case, coupled with the history of the parties' legal filings and Varnau's dual role as an investigator and fact witness, constitute good cause to exclude Varnau from the depositions in this matter.
>
> The Court will deny defendants' request for sequestration insofar as they seek to go beyond excluding Varnau from the depositions in this matter and limit his participation to providing sworn testimony at his deposition and at trial. Defendants have not produced evidence that shows Varnau himself has been enjoined by any court from assisting plaintiff's counsel in this litigation. Moreover, the cases defendants cite do not indicate that the Court has the authority to restrict Varnau from participating in the litigation in any capacity other than as a witness. *See United States v. Rugiero*, 20 F.3d 1387, 1392 (6th

2

> Cir. 1994) (citing *United States v. Gibson*, 675 F.2d 825, 835 (6th Cir. 1982) (addressing sequestration of witnesses in the courtroom to prevent coaching or influencing another witness' testimony); *Geders v. United States*, 425 U.S. 80, 87 (1976) (a judge has power to sequester witnesses during course of trial); *Morvant v. Construction Aggregates Corp.*, 570 F.2d 626, 629 (6th Cir. 1978) (issue was whether trial judge erred in excluding expert from the courtroom)). Accordingly, the Court will deny defendants' request to limit Varnau's participation to the extent they request anything beyond sequestration at the depositions.

(Doc. 30 at PageID 288–89.)

Defendants object to the Order insofar as they argue that Magistrate Judge Litkovitz should have sequestered Dennis Varnau further by limiting his future participation in this lawsuit to his sworn testimony.

## II. STANDARD OF LAW

Rule 72(a) of the Federal Rules of Civil Procedure authorizes magistrate judges to decide nondispositive matters which have been referred to them. If a party timely files objections to a magistrate judge's decision on a nondispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to a magistrate judge's findings of fact and the contrary to law standard to her conclusions of law. *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, No. 92-3304, 1994 WL 83265 (6th Cir. Mar. 14, 1994). "A finding is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. N. Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991), *overruled on other grounds*, *Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th Cir. 1997); *see also Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001). A decision is contrary to law if the magistrate has ignored or misapplied the applicable law found in the Constitution, statutes, or case precedent. *See Gandee*, 785 F. Supp. at 686; *Hood*, 2001 WL 327723, at *2.

**III.    ANALYSIS**

Defendants appear to seek a sequestration order precluding Dennis Varnau from participating in this litigation as Plaintiffs' investigator or consultant.  However, they have not demonstrated that this Court has the legal authority to issue such a broad sequestration order or that such an order is justified here.  Federal Rule of Evidence 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony."  The Sixth Circuit has not determined whether Rule 615 authorizes sequestration of witnesses beyond the courtroom.  *See U.S. v. Solorio*, 337 F.3d 580, 592–93 (6th Cir. 2003) (recognizing a split of authority on the issue); *see also U.S. v. Pope*, 335 F. App'x 598, 602 (6th Cir. 2009) (stating in dicta that "considerable doubt exists as to whether Rule 615 applies to out-of-court meetings").  Moreover, although Defendants suggest that Dennis Varnau has attempted to intimidate witnesses, they have offered far less than conclusive proof of intimidation.  At this pretrial discovery stage, the Magistrate Judge's decision to preclude Dennis Varnau from attending depositions adequately addresses Defendants' concerns about Dennis Varnau's dual role and vested interest in the outcome of this case.  In sum, Defendants have not established that Magistrate Judge Litkovitz's decision was clearly erroneous or contrary to law.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Objections (Doc. 32) are **OVERRULED** and the Magistrate Judge's Order (Doc. 30) regarding the sequestration of Dennis Varnau is **AFFIRMED**.  However, Defendants have leave to file at the appropriate time a well-supported motion in limine concerning Dennis Varnau's participation at trial.

**IT IS SO ORDERED.**

Dated this 20th day of July, 2017.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge