IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ashley Bard, individually and as the administrator for the Estate of Zachary Ryan Goldson, | : : : : | Case No. 1:15-cv-643 |
| Plaintiff, | : : | Judge Susan J. Dlott |
| v. | : : | Order Overruling Objections and Affirming the Magistrate Judge's |
| Brown County, *et al.*, | : : | July 21, 2017 Order |
| Defendants. | : | |

This matter is before the Court on the July 21, 2017 Order (Doc. 40) issued by Magistrate Judge Karen L. Litkovitz and Defendants' Objections (Doc. 50) thereto. This dispute arose when Defendants issued a Subpoena (Doc. 15-1) to Dennis Varnau, Plaintiff's litigation consultant, and Plaintiff moved to quash it based on the work product doctrine. (Doc. 15.) Defendants assert that Varnau is a potential fact witness subject to discovery because he served as a volunteer administrative assistant to Dr. Judith Varnau, his wife and the coroner who determined that Zachary Ryan Goldson's death was a homicide. Defendants also assert that Varnau is a potential testifying expert witness subject to discovery because he has training in law, engineering, and police work. The factual background of this case is set forth in more detail in the Magistrate Judge's July 21, 2017 Order and May 26, 2017 Order (Doc. 30).

In her May 26, 2017 Order, the Magistrate Judge reserved ruling on the Motion to Quash, ordered Plaintiff to submit a privilege log to Defendants, and ordered Plaintiff to submit the privilege log and copies of the documents responsive to the Subpoena to her for an *in camera* review. (*Id.* at PageID 290.) Plaintiff complied. Following the *in camera* review, the Magistrate Judge held in the July 21, 2017 Order that although Defendants have the right to seek

discovery from Varnau about the underlying facts of this case, the responsive documents are not discoverable because they are protected by the work product doctrine. (Doc. 40 at PageID 337.) Defendants now object to that latter Order. The Court has considered the Order, Defendants' Objections, Plaintiff's Response (Doc. 51), the privilege log, and the responsive documents. For the reasons that follow, the Court will **OVERRULE** the Objections and **AFFIRM** the Order.

## I. STANDARD OF LAW

Rule 72(a) of the Federal Rules of Civil Procedure authorizes magistrate judges to decide nondispositive matters which have been referred to them. If a party timely files objections to a magistrate judge's decision on a nondispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to a magistrate judge's findings of fact, and the contrary to law standard applies to her conclusions of law. *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, No. 92-3304, 1994 WL 83265 (6th Cir. Mar. 14, 1994). "A finding is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. N. Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991), *overruled on other grounds*, *Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th Cir. 1997); *see also Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (same). A decision is contrary to law if the magistrate has ignored or misapplied the applicable law found in the Constitution, statutes, or case precedent. *See Gandee*, 785 F. Supp. at 686; *Hood*, 2001 WL 327723, at *2.

## II. ANALYSIS

The Magistrate Judge set forth the standards of law governing discovery and the work product doctrine. Defendants do not raise any specific objections to her statement of the

governing law. Moreover, the Court agrees with the Magistrate Judge's conclusions that the privilege log is sufficient and the responsive documents are entitled to work product protection under the governing standards. Defendants' objections that the privilege log lacks specificity do not withstand scrutiny. Plaintiff has identified on the privilege log the date of the document, the sender, the recipient, the type of document, and a summary of the substance of document. This information is sufficient to establish that the responsive documents are protected by the work product privilege, especially when considered in conjunction with the Court's *in camera* review of the responsive documents.

Defendants next object that the responsive documents are not entitled to work product protection because Varnau has a dual role of being Plaintiff's litigation consultant and a likely fact witness. However, Defendants do not cite to any binding, on-point precedent holding that the work product doctrine does not apply in such circumstances.

Defendants lastly object that the Magistrate Judge should have found that Varnau will be a testifying expert for Plaintiff, and then should have held that the responsive documents are discoverable "facts or data" considered by a testifying expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(ii). However, Plaintiff has not identified Varnau as a testifying expert witness, and Defendants offer no evidence that Plaintiff will do so. The responsive documents reviewed *in camera* by the Court do not suggest that Varnau will testify as an expert witness. As such, the responsive documents are not discoverable under Rule 26(a)(2)(B)(ii).

In sum, Defendants have not established that the Magistrate Judge made any clearly erroneous findings of fact or contrary to law conclusions of law in the Order.

### III. CONCLUSION

For the foregoing reasons, Defendants' Objections (Doc. 50) are **OVERRULED** and the July 21, 2017 Order (Doc. 40) is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated this 10th day of October, 2017.

BY THE COURT:

S/Susan J. Dlott_____
Susan J. Dlott
United States District Judge