IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ashley Bard, individually and as the     :
administrator for the Estate of Zachary   :
Ryan Goldson,                             :     Case No. 1:15-cv-643
                                          :
          Plaintiff,                      :     Judge Susan J. Dlott
                                          :
          v.                              :     Order Setting Case for Trial
                                          :
Brown County, Ohio, *et al.*,             :
                                          :
          Defendants.                     :

On February 13, 2019, the Court issued summary judgment in favor of Defendants on

Plaintiff's claims for violation of Zachary Ryan Goldson's Fourth and Fourteenth Amendment

rights pursuant to 42 U.S.C. § 1983, negligence, assault and battery, wrongful death and

spoliation. (Doc. 115.) In so ruling, the Court held that the individual Defendants were entitled

to qualified immunity on the constitutional claims asserted against them in their individual

capacities. The Court also granted summary judgment to all Defendants except Deputy

Wedmore on the claim for intentional infliction of emotional distress. (*Id.*) Only the intentional

infliction of emotional distress claim against Deputy Wedmore remains pending for trial.

The Court held a scheduling conference on March 5, 2019, during which Plaintiff

requested the Court to permit her to file an interlocutory appeal on the grant of qualified

immunity to the individual Defendants on the constitutional claims. Defendants opposed the

request stating that an appeal was not appropriate until after a trial on the intentional infliction of

emotional distress claim against Deputy Wedmore, unless Plaintiff agreed to dismiss that claim

with prejudice. The parties then filed cross-briefs on the interlocutory appeal issue.

# I.

Plaintiff now concedes that she has no absolute right to an interlocutory appeal of the constitutional claims. Courts of appeal have jurisdiction over "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. On the other hand, "orders granting dismissal of fewer than all claims on the basis of qualified immunity are not final, appealable orders." *Jackson v. Jernigan*, No. 17-5671, 2017 WL 6345757, at *1 (6th Cir. Aug. 30, 2017); *see also Coe v. Ziegler*, 817 F.2d 29, 30 (6th Cir. 1987) (holding that an order granting immunity to less than all of the defendants is not a final, appealable order).

Plaintiff, nonetheless, requests that the Court issue a mandate pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Rule authorizes a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). A district court assessing whether there is no just cause for delay examines "the relationship between the claims, the possibility that the appeal might become moot, the possibility of repeat adjudications, the existence of potential counterclaims, and the existence of other factors such as expense, delay, economic solvency, trial length, and frivolity of the claims[.]" *Nat'l Credit Union Admin. Bd. v. Jurcevic*, 867 F.3d 616, 623 (6th Cir. 2017).

Plaintiff offers only the vague argument that if she proceeds to trial on the intentional infliction of emotional distress claim then she "may be forced to present a theory of the case at a trial . . . that would be contrary to [her] current theory thereby interfering and damaging [her] appeal on the other issues." (Doc. 118 at PageID 4713–4714.) However, a plaintiff's decision to pursue alternative, possibly conflicting, legal theories is not a sufficient basis for the Court to issue a mandate for an interlocutory appeal. The constitutional claims and the intentional

inflection of emotional distress claim arise from the same core of operative facts occurring during a several hour period on the night that Goldson died. Permitting the case to proceed piecemeal creates the possibility that the Sixth Circuit would have to examine the same facts in separate appeals. Additionally, this Court will conduct a trial on the intentional infliction of emotional distress claim in an expeditious manner. It would be a waste of judicial resources to resolve less than all of Plaintiff's claims before an appeal.

## II.

Additionally, Plaintiff asks the Court to decline to exercise supplemental jurisdiction and dismiss the intentional infliction of emotional distress claim without prejudice pursuant to 28 U.S.C. § 1367.[1] The Court has discretion to decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it [had] original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, however, the Court will continue to exercise its supplemental jurisdiction over the remaining state law claim in the interests of judicial economy. The parties and the Court have expended significant time and resources litigating this case for more than three years, including through numerous discovery disputes and multi-stage summary judgment proceedings. Of note, Plaintiff's failure to follow the Court's rules and procedures needlessly delayed this litigation and increased the Court's and Defendants' costs. The most expeditious path to final resolution is to proceed to trial in this Court.

Finally, to the extent that Plaintiff's request for the Court to dismiss the intentional infliction of emotional distress claim without prejudice can viewed as a motion for voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure, the Court denies that request as well. Pursuant to Rule 41(a)(2), a district court may dismiss a claim upon a plaintiff's

---

[1] Plaintiff requests this relief in conjunction with the request for a mandate. If the Court dismissed the pending claim with or without prejudice, then the Order Granting in Part and Denying in Part Summary Judgment would constitute a final, appealable order pursuant to § 1291 and no mandate would be necessary.

motion "on terms that the court considers proper." In determining whether to dismiss a claim without prejudice, a district court should consider whether the defendants would suffer plain legal prejudice greater than the mere prospect of a second lawsuit. *See Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In this case, Defendants would suffer plain legal prejudice if the intentional infliction of emotional distress claim was permitted to be dismissed now and refiled later after the completion of an appeal of the constitutional claims. Because the parties are now past summary judgment and on the eve of trial, Defendants are entitled to resolution of the final pending claim after more than three years of contentious litigation.

## III.

For the foregoing reasons, the Court will not issue a Rule 54(b) mandate to allow Plaintiff an interlocutory appeal of her constitutional claims, nor will it dismiss the intentional infliction of emotional distress claim against Deputy Wedmore without prejudice. Rather, the Court sets this matter for a final pretrial conference on June 18, 2019 at 10:00 a.m. and trial starting on July 29, 2019. The parties shall comply with the Court's final pretrial and trial procedures set forth in the Standing Order on Civil Procedures.

**IT IS SO ORDERED.**

Dated this 2nd day of April, 2019.

BY THE COURT:


S/Susan J. Dlott
Susan J. Dlott
United States District Judge